# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br><br>v.<br><br>**[8] ALEXANDER CRUZ-GUZMAN,**<br>Defendant. | Criminal No. 19-307 (PAD) |

## REPORT AND RECOMMENDATION
## ON RULE 11(c)(1)(B) CHANGE OF PLEA HEARING

**I.     Procedural Background**

On May 20, 2019, Defendant Alexander Cruz-Guzmán was charged by a Grand Jury in a seven-count and forfeiture allegations Indictment. Defendant agrees to plead guilty to Counts One and Six of the Indictment; conspiracy to possess with intent to distribute controlled substances and use and carry of firearms during and in relation to a drug trafficking crime, respectively.[1]

Count One of the Indictment charges that, beginning on or about January, 2013, and continuing up to and until the return of the Indictment, in the Municipality of San Lorenzo, District of Puerto Rico and within jurisdiction of this Court, Defendant Alexander Cruz-Guzmán, did knowingly and intentionally, combine, conspire, and agree with others known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute and to distribute controlled substances, to wit: two hundred eighty

---

[1]    The Court notes that under the caption of Count One in the first page of the Plea Agreement, it incorrectly states that Count One of the Indictment is a charge of "Possession with Intent to Distribute Controlled Substances". However, Count One of the Indictment is the conspiracy charge under 18 U.S.C. § 846. The summary of the allegations in Count One in the Plea Agreement is nonetheless consistent with the Indictment and with the Stipulation of Facts included with the Plea Agreement. And during the hearing, Defendant and counsel for the defense agreed that Defendant has agreed to plead guilty to the conspiracy charge in Count One of the Indictment.

USA v. Alexander Cruz-Guzmán
Cr. No. 19-307 (PAD)
**Report and Recommendation on Guilty Plea**

(280) grams or more of a mixture or substance containing cocaine base (commonly known as "crack"), a Schedule II Narcotic Drug Controlled Substance; one (1) kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic Drug Controlled Substance; five (5) kilogram or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance; one hundred (100) kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I, Controlled Substance; a mixture or substance containing detectable amounts of Oxycodone (commonly known as Percocet), a Schedule II Controlled Substance; and a mixture or substance containing detectable amounts of Alprazolam (commonly known as Xanax), a Schedule IV Controlled Substance, all within one thousand feet of the real properties compromising housing facilities owned by a public housing authority, that is, within La Lorenzana Public Housing Project and Roosevelt Ward in San Lorenzo, Puerto Rico, as prohibited by Title 21, United States Code, §§ 841(a)(1) and 860. All in violation of Title 21, United States Code, § 846.

Count Six of the Indictment charges that, beginning on a date unknown, but no later than in or about January, 2013, and continuing up to and until the return of the Indictment, in the Municipality of San Lorenzo, District of Puerto Rico and within the jurisdiction of this Court, Defendant Alexander Cruz-Guzmán and other persons known and unknown to the Grand Jury, aiding and abetting each other, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, that is, conspiracy to possess with intent to distribute and/or to distribute cocaine base, cocaine, heroin, marijuana, Percocet and Xanax in violation of Title 21, Unites States Code, Sections 848(a)(1), 860, and 846 (as charged in Count One of the Indictment), did use and carry firearms, as that term is defined in Title 18, United States Code, Section 921 (a)(3). All in violations of Title 18, United States Code, §§ 924(c)(1)(A) and 2.

The United States of America and Defendant entered into a Plea Agreement. Docket No. 379. Pursuant to the Plea Agreement, Defendant agreed to plead guilty as to Count One of the Indictment but solely to an amount of cocaine that is greater than 2 kilograms and less than 3.5 kilograms. Defendant also agreed to plead guilty as to Count Six of the Indictment. On February 8, 2021, Defendant moved for a change of plea. Docket No. 360. Defendant appeared before this Court for a change of plea hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure. See United States v. Woodward, 387 F. 3d. 1329 (11th Cir. 2004) (holding that a magistrate judge

may, with the defendant's consent, conduct a Rule 11 change of plea hearing). Defendant was advised of the purpose of the hearing and placed under oath with instructions that his answers must be truthful because otherwise he could be subjected to charges of perjury.

## II.     Consent to Proceed Via Video Conference

Defendant was advised of his right to have the hearing under Rule 11 of the Federal Rules of Criminal Procedure in person and open court. However, he was also advised that, because of the national emergency caused by the COVID-19 pandemic, the hearing could not be held in person without seriously jeopardizing public health and safety. See *In re Corona Virus (COVID-19) Public Emergency Miscellaneous Order*, 3:20-mc-0088 (D.P.R. March 31, 2020) (implementing Coronavirus Aid, Relief and Economic Security Act, H.R. 748 ["CARES Act"], authorizing video conferencing under certain circumstances).

Per the above, during the proceeding, the Court, the prosecutor, defense counsel, the interpreter and the courtroom deputy all appeared by video conference. Defendant was asked for his consent to proceed via video conference. Defendant expressed to have had the opportunity to discuss the matter with his attorney and consented to appearing via video conference. See also Docket No. 361. Defendant's image and voice were clear, and Defendant could always clearly see and hear the Court and the attorneys. As a result, and pursuant to the CARES Act, the change of plea hearing was held by video conference.

## III.    Consent to Proceed Before a Magistrate Judge

Defendant was advised of his right to hold all proceedings, including this change of plea hearing, before a district court judge. An explanation of the differences between the scope of jurisdiction and functions of a district judge and a magistrate judge was provided. Defendant was informed that, if he elects to proceed before a magistrate judge, the magistrate judge would conduct the hearing and prepare a report and recommendation, subject to the review and approval of the district judge.

Defendant was asked whether he consented to having the change of plea hearing before the undersigned, a magistrate judge, and was advised of the content of a document titled *Waiver of Right to Trial by Jury*. The undersigned explained the content of the *Waiver of Right to Trial by Jury*. Defendant expressed that he understood the consequences of agreeing to proceed before a magistrate judge and his attorney informed that she would have Defendant sign and file the *Waiver*

USA v. Alexander Cruz-Guzmán
Cr. No. 19-307 (PAD)
**Report and Recommendation on Guilty Plea**

*of Right to Trial by Jury.* The *Waiver of Right to Trial by Jury*, was signed by Defendant and submitted at Docket Nos. 400 & 401. The Court found that Defendant voluntarily consented to proceed before a magistrate judge and approved Defendant's consent.

**IV.     Proceedings Under Rule 11 of the Federal Rules of Criminal Procedure**

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal crime violations. Pursuant to Rule 11, for a plea of guilty to constitute a valid waiver of the defendant's right to trial, the guilty plea must be knowing and voluntary. United States v. Hernández Wilson, 186 F. 3d 1, 5 (1st Cir. 1999). "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea'". United States v. Cotal-Crespo, 47 F. 3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U. S. 459, 467 (1969)). There are three core concerns in a Rule 11 proceeding: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea.

**A.  Competence to Enter a Guilty Plea**

The Court questioned Defendant about his age, education, employment, history of any treatment for mental illness or addiction, use of any medication, drugs or alcohol, and his understanding of the purpose of the hearing, in order to ascertain his capacity to understand, answer and comprehend the change of plea colloquy. The Court confirmed that Defendant received the Indictment and fully discussed the charges with his attorney, and that he was satisfied with the advice and representation he received. The Court further inquired whether Defendant's counsel or counsel for the Government had any doubt as to Defendant's capacity to plead, receiving answers from both that Defendant was competent to enter a plea. After considering Defendant's responses, and observing his demeanor, a finding was made that Defendant was competent to plead and fully aware of the purpose of the hearing.

**B.  Plea Agreement**

Defendant was shown his plea agreement through the computer and he identified his initials and signatures. He confirmed that he had the opportunity to read and discuss the plea agreement and plea agreement supplement with his attorney, that his attorney translated both the plea agreement and the plea agreement supplement before he signed the plea agreement, that the plea agreement represented the entirety of his understanding with the Government, that he understood

4

its terms, and that no one had made any other or different promises or assurances to induce him to plead guilty. He was also explained the purpose of the plea agreement supplement and he acknowledged having discussed it with his attorney. Counsel for the Government described the essential elements of the plea agreement, including stipulations pertaining to the Sentencing Guidelines and any sentencing recommendations. Counsel for the defense agreed with the Government's description of the terms and recommendations, and so did Defendant.

Defendant was then admonished, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), that the terms of the plea agreement are merely recommendations to the Court, and that the District Judge who will preside over the sentencing hearing can reject the recommendations without permitting Defendant to withdraw his guilty plea. And that the District Judge could impose a sentence that is more severe than what Defendant might anticipate. Defendant expressed full understanding of the foregoing and confirmed that he was fully aware that if the District Judge did not follow the recommendations in the plea agreement, he would not be allowed to withdraw his plea of guilty solely because he received a sentence higher than he expected.

### C. Voluntariness

In considering the plea agreement, Defendant acknowledged that the plea agreement contains all of the promises and agreements the he made with the Government and that no one made any other or different promise or assurance of any kind in exchange for his guilty plea, other than the recommendations set forth in the plea agreement. Defendant indicated that he was not being induced to plead guilty, that he was entering such plea freely and voluntarily because in fact he is guilty, and that no one has threatened him or offered a thing of value in exchange for his plea. Defendant understood that the offenses to which he is pleading guilty are felonies and that, if the plea is accepted, he will be adjudged guilty of those offenses, and that such adjudication may deprive him of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm. Throughout the hearing, Defendant was free to consult with his attorney and he confirmed that his agreement to plead guilty was made knowingly and voluntarily.

USA v. Alexander Cruz-Guzmán
Cr. No. 19-307 (PAD)
Report and Recommendation on Guilty Plea

### D. Maximum Penalties

Upon questioning, Defendant expressed his understanding of the statutory maximum penalties for the offenses to which he was pleading guilty. Count One of the Indictment carries a term of imprisonment of no less than ten (10) years and up to two (2) lives pursuant to 21 U.S.C. §§ 841(b)(1)(A) & 860; a fine not to exceed $20,000,000 pursuant to 21 U.S.C. §§ 841(b)(1)(A) & 860; and a supervised release term of at least ten (10) years pursuant to 21 U.S.C. §§ 841(b)(1)(A) & 860. Nonetheless, because the parties stipulated that Defendant is accountable for an amount greater than 2 kilograms and less than 3.5 kilograms of a mixture or substance containing a detectable amount of cocaine, the maximum statutory penalties of the stipulated charge are a term of imprisonment of no less than five (5) years and not more than eighty (80) years pursuant to 21 U.S.C. §§ 841(b)(1)(B) & 860; a fine not to exceed $10,000,000 pursuant to 21 U.S.C. §§ 841(b)(1)(B) & 860; and a supervised release term of at least eight (8) years pursuant to 21 U.S.C. §§ 841(b)(1)(C) & 860. The maximum statutory penalties for Count Six of the Indictment are a term of imprisonment of no less than five (5) years and up to life in prison pursuant to 18 U.S.C.§ 924 (c)(1)(A)(i); a fine not to exceed $250,000 pursuant to 18 U.S.C. § 3571(b)(3); and a supervised release term of not more than five (5) years pursuant to 18 U.S.C. §§ 3559 (a)(1) & 3583 (b)(1). In addition, a Special Monetary Assessment of one hundred dollars ($100.00) per count of conviction would be imposed, to be deposited to the Criminal Victims Fund, pursuant to Title 18, United States Code, Section 3013(a).

The Court then explained the nature of supervised release and the consequences of violating the conditions of supervised release. Specifically, Defendant was informed that, if supervised release is revoked, he may be required to serve an additional term of imprisonment up to the full time of the term of supervised release. And that, if he is currently on supervised release in a different case than the one object of the Indictment here, his plea of guilty, if accepted, could result in negative consequences, such as the revocation of his supervised release in that other case.

The Court further advised Defendant that in certain cases the Court may also order, or be required to order, that Defendant pay restitution to any victim of the offense, and the Court may also require him to forfeit certain property to the Government.

Defendant was also informed that any sentence imposed in this case could be imposed to run concurrently or consecutively to any sentence he may be currently serving in another case.

USA v. Alexander Cruz-Guzmán
Cr. No. 19-307 (PAD)
Report and Recommendation on Guilty Plea

### E. Sentencing Procedure

Defendant was informed that, in determining his sentence, the District Judge is required to consider, but not necessarily follow, the Sentencing Guidelines. Defendant confirmed that he discussed with his attorney how the Sentencing Guidelines might apply to this case. Defendant was specifically informed that the Court, after considering the applicable Sentencing Guidelines, could impose a sentence different from any estimate in the plea agreement or provided by his attorney, and that the Court had the authority to impose a sentence that is more severe or less severe than the sentence called for by the Sentencing Guidelines. Defendant was advised, and understood, that the Sentencing Guidelines are thus considered advisory, and that during sentencing the District Court will consider the sentencing criteria found at Title 18, United States Code, Section 3553(a), which include the seriousness of the offense, the need for deterrence of criminal conduct, the need to protect the public from further crimes, the need to provide Defendant with educational or vocational training, or medical care, and the need to provide restitution to any victims.

Defendant was advised that parole has been abolished and that if he is sentenced to prison he will not be released on parole.

Further, Defendant was advised of his right to appeal and that, under some circumstances, he or the Government may have the right to appeal the sentence imposed by the Court. But that, pursuant to his plea agreement, he is waiving his right to appeal both the judgment and sentence imposed by the Court, if the Court accepts his plea agreement and sentences him according to its terms, conditions, and recommendations. Defendant informed that he understood his right to appeal and that he voluntarily agreed to this waiver.

### F. Waiver of Constitutional Rights

Defendant was specifically advised that he has the right to persist in a plea of not guilty and that, if he does, he has the right to a speedy trial by jury, or trial before a judge sitting without a jury if the Court and the Government so agree; that at trial he would be presumed innocent and the Government would have to prove his guilt beyond a reasonable doubt; that he would have the right to the assistance of counsel for his defense, and that, if he could not afford one, an attorney would be appointed to represent him throughout all stages of the proceedings; that at trial he would have the right to hear and cross examine the witness, the right to issue subpoenas or a compulsory process to compel the attendance of witness to testify at trial, and the right to decline to testify and

7

remain silent, unless he voluntarily elected to do so. Defendant was further advised that if he decided not to testify or put on evidence at trial, the failure to do so could not be used against him, and that at trial the jury would have to return a unanimous verdict before he could be found guilty or not guilty.

Defendant specifically acknowledged understanding these rights. He reaffirmed his understanding that by entering a plea of guilty there would be no trial and he would be waiving or giving up the rights that the Court explained.

### G. Offenses Charged and Factual Basis for the Guilty Plea

Defendant was read in open court Counts One and Six of the Indictment and was provided an explanation of the elements of the offenses, as well as the meaning of technical terms used in the Indictment to describe the offenses as charged. Defendant expressed that he understood the elements of the offenses and what the Government would have to prove beyond a reasonable doubt if he were to go to trial.

The Government explained the factual basis for the offenses and the evidence it would present if this case were to proceed to trial. Upon questioning, Defendant admitted to the facts, constituting all the elements of the offenses charged. Defendant admitted that he was pleading guilty because he is in fact guilty. Defendant pled guilty as to Counts One and Six of the Indictment.

## V. Conclusion

Defendant appeared before me, by consent, pursuant to Rule 11 of the Federal Rules of Criminal Procedures and entered a plea of guilty as to Counts One and Six of the Indictment.

After cautioning and examining Defendant under oath and in open court concerning each of the subject matters mentioned in Rule 11, the Court finds that the defendant, **Alexander Cruz-Guzmán**, is fully competent and capable of entering this guilty plea, is aware of the nature of the charges and the maximum statutory penalties it carries, understands that the charges are supported by evidence and a basis in fact, has admitted to the elements of the offenses, and has done so in an intelligent and voluntary manner with knowledge of the consequences of his guilty plea.

I recommend that the Court accept the guilty plea and that Defendant be adjudged guilty as to Counts One and Six of the Indictment.

**IT IS SO RECOMMENDED.**

**USA v. Alexander Cruz-Guzmán**
**Cr. No. 19-307 (PAD)**
**Report and Recommendation on Guilty Plea**

This Report and Recommendation is filed pursuant to 28 U.S.C. §636(b)(1)(B) and Rule 72 (d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. Failure to file timely and specific objections to the Report and Recommendation is a waiver of the right to review by the District Court. United States v. Valencia-Copete, 792 F. 2d 4 (1st Cir. 1986).

**A sentencing hearing will be scheduled by the Presiding Judge, Hon. Pedro A. Delgado.**

In San Juan, Puerto Rico, this 16th day of March 2021.

                                                      s/Giselle López-Soler
                                                    GISELLE LÓPEZ-SOLER
                                                    United States Magistrate Judge